UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID LEE, III                                                                CIVIL ACTION

VERSUS                                                                         NO. 11-1244

RPM PIZZA, ETC., ET AL                                              SECTION "C" (1)

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

Federal courts are bound to examine the basis of subject matter jurisdiction *sua sponte*. Union Planters Bank Nat. Assn. v. Salih, 369 F.3d 457, 460 (5th Cir.2004). There is a presumption that a federal court lacks subject matter jurisdiction. Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, FEDERAL PRACTICE & PROCEDURE § 3522. The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Id. In order to remain in federal court, the removing parties must prove by a

preponderance of the evidence that the jurisdictional minimum exists.  Id.   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In this matter, the plaintiff allegedly suffered injuries in May 2010 when something stuck him a Domino's pizza store, after allegedly sustaining an earlier injury at work in February 2010 and undergoing treatment for that first alleged injury.[1]  According to the defendants' memorandum, the jurisdictional minimum exists because of a settlement offer made in April 2011, for $150,000.  In his memorandum, the

---

[1] The Court has been advised that Judge Zainey, who is presiding over the lawsuit involving the first alleged injury, would decline transfer of this matter as related under LR3.1.1.

plaintiff admits that he did not expect that the defendants would pay on the initial demand. Rec. Doc. 11. This Court has previously held that an offer of settlement made prior to discovery is not determinative in the absence of medical proof supporting the amount and that to hold otherwise would effectively allow subject matter jurisdiction to be conferred by consent. Anderson v. Great West Casualty Co., 2010 WL 420572 (E.D.La.);

According to the plaintiff's supplemental memorandum and supporting medical records, the amount expended on medical expenses is approximately $3,500.[2] A September 2010 MRI of the cervical spine indicates focal posterior of the C6-7 and loss of cervical lordosis with a pattern of muscle spasm, a December 2010 EMG revealed bilateral C6 cervical radiculopathy and bilateral L5 radiculopathy, and a March 2011 MRI indicated disc herniation at C6-7 and mild left paracentral disc protrusion or disc herniation at C7-T1. According to the medical records, the herniations are "quite small." The medical records indicate he was released to light duty as early as October 2010 and full duty work in November 2010, and has returned to work. No surgery was recommended at any time.

The Court does not find that the jurisdictional minimum is facially apparent from

---

[2] Some of the medical records pertain to the first accident and pre-date this accident.

the petition in this matter.   The Court also finds that the defendants have not made a showing sufficiently particularized to support this Court's subject matter jurisdiction. Not only is there a lack of affirmative proof provided here, but the Court's conclusion is consistent with previous rulings of this Court regarding unoperated herniated discs. *See* Anderson, supra;  Turner v. Winn Dixie, 2009 WL 159294 (E.D.La.);  Guzman v. State Farm Mutual Automobile Insurance Co., 2008 WL 2308099 (E.D.La.);  Jackson v. Continental Casualty Co., 2007 WL 782190 (E.D.La.); St. Pierre v. Miers, 2006 WL 980675 (E.D.La.); Kern v. State Farm Mutual Insurance Co., 2006 WL 146199 (E.D.La.); Lehmann v. Protective Insurance Co., 711705 (E.D.La.); Story v. Unitrin Specialty Insurance Co., 2005 WL 3543731 (E.D.La.).

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of

subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 6th day of September, 2011.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE